The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| DAVID KAPLAN, | ) ) | No. C09-0468-JLR |
| Plaintiff, | ) ) ) | DEFENDANT'S MOTION IN LIMINE |
| v. | ) ) | |
| GRIDPOINT, INC., | ) ) | **NOTED ON MOTION CALENDAR: Friday, April 9, 2010** |
| Defendant. | ) ) ) ) | |

Pursuant to this Court's Minute Order Setting Trial Date and Related Dates, dated June 23, 2009, GridPoint moves this Court to exclude the following witnesses and evidence.

A. <u>Anita Kaplan</u>

Plaintiff intends to call his wife to testify "about relevant conversations she overheard involving Mr. Kaplan in November 2007, August 2008, and March 2009." GridPoint moves this Court to exclude any testimony by Mrs. Kaplan about any out-of-court statements made by her husband. In essence, Plaintiff is offering his wife's testimony to "vouch for" or corroborate statements he allegedly made. Such statements constitute hearsay under F.R.E. 801 and such testimony would also be

DEFENDANT'S MOTION IN LIMINE (C09-0468-JLR) — 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

cumulative of Plaintiff's own testimony and inadmissible under F.R.E. 403. Therefore, Mrs. Kaplan should not be allowed to testify about any statements Plaintiff made during any conversations she overheard with other parties or any conversation Mrs. Kaplan overheard in which she only overheard her husband's end of the conversation.

B. <u>Peter Cancelmo</u>

Plaintiff identifies Peter Cancelmo as a witness that he may call at the trial in this matter. However, Plaintiff never identified Peter Cancelmo as a witness he intended to call at any point during the discovery period. Mr. Cancelmo does not appear on Plaintiff's Initial Disclosures and Plaintiff did not identify Mr. Cancelmo in response to Interrogatory Nos. 1 or 13 of Defendant's First Set of Interrogatories to Plaintiff. See Plaintiff's Responses to Interrogatory Nos. 1 and 13 (attached as Ex. 1). Therefore, Plaintiff cannot identify him as a witness on the eve of trial and be allowed to call him as a witness at trial in this case.[1]

C. <u>Handwritten Notes of Karen Wirz</u>

Ms. Wirz's handwritten notes (Pl. Ex. 32) should be excluded because they constitute hearsay under F.R.E. 801. Moreover, the notes have no probative value given that Ms. Wirz has no independent recollection of the conversation during which she wrote the notes. She was not able to elucidate their meaning during her deposition and offering them into evidence would simply invite the fact-finder to

---

[1] Plaintiff has consistently asserted the attorney-client privilege with respect to his communications with Mr. Cancelmo. To the extent that Plaintiff is intending to waive that privilege at trial, this should not be allowed as Plaintiff cannot use the attorney client privilege both as a "sword" and a "shield." He cannot hide behind the privilege throughout this entire case and then waive the privilege and use it affirmatively when it suits his needs.

DEFENDANT'S MOTION IN LIMINE (C09-0468-JLR) — 2

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

speculate as to their meaning. Indeed, this is exactly what Plaintiff wants the Court to do -- use one line in the notes to argue that there was some grand plan to terminate his employment. Such an unwarranted inference is particularly inappropriate here given the fact that Ms. Wirz had no role in any decisions relating to Plaintiff's employment agreement and/or employment with GridPoint. Indeed, Ms. Wirz testified in her deposition that these notes were taken for herself for her own purposes. Wirz. Dep. 16 (excerpts from transcript attached as Ex. 2). She did not write them for the purpose of documenting a conversation so that others could read her notes and know what was said in the conversation. Ms. Wirz testified she often makes notes to herself that she does not intend to be a representation of the actual statement made by the other person in the conversation or meeting. She testified that her notes to herself are "intended to be neither truthful nor untruthful" and are often "exaggerative." Wirz Dep. 39. In short, the notes themselves have no probative value and should be excluded.

D. <u>All Evidence Regarding Constructive Discharge Should Be Excluded</u>

Plaintiff's Complaint asserts only a breach of contract claim and a cause of action based on the Washington wage payment laws. Plaintiff's Complaint does not contain a claim for constructive discharge. Nonetheless, Plaintiff still argues that he was constructively discharged and asks this Court to apply a constructive discharge theory to his breach of contract claim. The Court should not do this.

"Washington law does not recognize a cause of action for constructive discharge; rather the law recognizes an action for wrongful discharge which may be either express or constructive." *Snyder v. Medical Services Corp. of Eastern*

DEFENDANT'S MOTION IN LIMINE (C09-0468-JLR) — 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

*Washington*, 145 Wn.2d 233, 238 (2001). Such a wrongful discharge action may only be maintained "where the discharge contravenes a clear mandate of public policy." *Id.* Plaintiff does not assert that he was wrongfully discharged in violation of a public policy in the state of Washington and has no constructive discharge claim. Rather, Plaintiff is attempting to do an end run around Washington law by attempting to apply a constructive discharge analysis to his breach of contract claim.

However, "constructive discharge is expressly inapplicable" in a breach of contract action. *Lavin v. Bon Appetit Mgmt. Co. v. Marriott Mgmt. Services Corp.*, No. C98-199D, 1998 U.S. Dist. LEXIS 21453 (W.D. Wash. July 10, 1998). Nonetheless, Plaintiff maintains it is proper to apply a constructive discharge analysis to his breach of contract claim because it was done in one other Washington case, *Barrett v. Weyerhaeuser Co. Severance Pay Plan*, 40 Wn.App. 630 (1985).

Although the *Barrett* court did look to "cases that apply the doctrine of constructive discharge" as "guidance" in determining whether or not Barrett voluntarily resigned within the meaning of the severance pay plan, it would not be appropriate to do so here. The contract at issue in the *Barrett* case was a severance pay plan, not an individual employment agreement. Barrett herself was not a party to or involved in the negotiation of the severance pay plan in that case and she did not have the opportunity to negotiate terms in the severance pay plan that would have prevented her employer from changing her position. However, the same is not true for Plaintiff here.

Plaintiff had ample opportunity to negotiate, with the advice and guidance of counsel, protections for himself and therefore no constructive discharge analysis is needed. Plaintiff and his attorney could have negotiated a provision that prevented

DEFENDANT'S MOTION IN LIMINE (C09-0468-JLR) — 4

GridPoint from changing his position or requiring him to report to John Clark. In addition, Plaintiff could have attempted to negotiate a definition of "Good Reason" in his Employment Agreement that provided he could quit and still receive severance if his position or reporting relationship were changed. However, Plaintiff did not do so. Instead, Plaintiff negotiated "Good Reason" protection for himself that provided he could quit and still receive severance if his salary and benefits were reduced by certain amounts or if he was required to relocate a certain distance.

In many ways, "Good Reason" protection serves as a proxy for the protection found in the constructive discharge doctrine.[2] Applying a constructive discharge theory to Plaintiff's breach of contract claim -- where he was able to negotiate protections for himself with the assistance of counsel -- would be tantamount to rewriting the Employment Agreement to provide protections Plaintiff did not negotiate and to which GridPoint did not agree. Indeed, for Plaintiff, this case is about creating contractual protections for himself where none exist. For these reasons, all evidence of constructive discharge should be excluded from the trial.

E.  <u>All Evidence Regarding Alleged Statements Made By Plaintiff That He Would Not Report to John Clark Must Be Excluded as Inadmissible Parole Evidence</u>

The Washington Supreme Court has adopted what is known as the "context" rule for interpreting contracts. Under this rule, in considering Plaintiff's breach of contract claim, this Court may only consider "surrounding circumstances" and extrinsic evidence but only insofar as they give meaning to *specific words and terms used* [in the contract] and not to show an intention independent of the instrument or

---

[2] It is for similar reasons that Washington courts have questioned the applicability of the constructive discharge doctrine to civil service employees who have job protection and procedural rights in the civil service rules. *See e.g., Albright v. State*, 65 Wn. App. 763, 758 (1992); *Micone v. Town of Steilacoom Civil Service Comm'n*, 44 Wn. App. 636, 643, *review denied*, 107 Wn.2d 1010 (1986).

DEFENDANT'S MOTION IN LIMINE (C09-0468-JLR) — 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

to vary, contradict, or modify the written word." *Hearst Comm., Inc. v. Seattle Times Co.*, 154 Wn.2d 493, 503 (2005) (emphasis in original). In adopting the context rule, the Washington Supreme Court's intent was not "to allow such evidence to be employed to emasculate the written expression of" the meaning of the contract's terms. *U.S. Life Credit Life Ins. Co. v. Williams*, 129 Wn.2d 565 (1996). Indeed, the "context rule" cannot be used to show an intention independent of the contract itself. *In re Marriage of Schweitzer*, 132 Wn.2d 318 (1997). *See also Go2Net, Inc. v. CI Host, Inc.*, 115 Wn. App. 73 (2003) (admissible extrinsic evidence does *not* include evidence of a party's unilateral or subjective intent as to contract's meaning).

Plaintiff's alleged statements that he would not report to John Clark do not give meaning to any word in the Employment Agreement. To the contrary, the Employment Agreement is entirely silent on the subject of to whom Plaintiff would report while at GridPoint. At best, Plaintiff's alleged statements that he would never report to Mr. Clark are nothing more than statements expressing a subjective intention of Plaintiff's that was independent of the agreement and must be excluded on that basis. Were the Court to permit Plaintiff to testify at trial that he made various statements indicating that he did not wish to report to Mr. Clark, such testimony would "emasculate" the contract negotiated and agreed to by sophisticated parties and their respective attorneys and create in its place a contractual term found nowhere in the Employment Agreement. On this basis, Plaintiff's alleged statements that he would not report to Mr. Clark must be excluded from the trial in this case.

DEFENDANT'S MOTION IN LIMINE (C09-0468-JLR) — 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## CONCLUSION

For the foregoing reasons, GridPoint respectfully request that its motion be granted.

Dated March 30, 2010

Attorneys for Defendant GridPoint, Inc.

Seyfarth Shaw LLP

By  s/ Karla Grossenbacher
Karla Grossenbacher
*Admitted Pro Hac Vice*
Ray Baldwin
*Admitted Pro Hac Vice*
975 F Street NW
Washington, DC 20004
Telephone: 202.463.2400
Facsimile: 202.828.5393
kgrossenbacher@seyfarth.com
rbaldwin@seyfarth.com

Davis Wright Tremaine LLP

By  s/ Jeffrey B. Youmans
Jeffrey B. Youmans
WSBA #26604
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Telephone: 206.622.3150
Facsimile: 206.757.7700
jeffreyyoumans@dwt.com

DEFENDANT'S MOTION IN LIMINE (C09-0468-JLR) — 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Michael C. Subit, msubit@frankfreed.com

                                        s/ Jeffrey B. Youmans
                                        Jeffrey B. Youmans

DEFENDANT'S MOTION IN LIMINE (C09-0468-JLR) — 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700